■ In the Matter of EDWARD F. BALAZS, Appellant, v. NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent.— Order and judgment (one paper) entered July 10, 1969, denying petitioner-appellant's application for review of the determination of respondent-respondent New York City Employees' Retirement System that petitioner-appellant is not entitled to a pension, unanimously reversed, on the law, without costs and without disbursements, and the application in all respects granted. Petitioner, a Transit Authority employee, filed for retirement on September 9, 1968, the effective date to be the following December 1. On October 25, the Authority filed 11 charges of theft against petitioner, 10 of which were sustained on November 6, the hearing officer recommending dismissal as of that date. Three days later, petitioner was advised of his dismissal accordingly, and that his pension application would be disallowed. Petitioner sought vitiation at Special Term of this determination, and that was denied. He appeals from the denial. His claim rests upon section B3–36.6 (subd. e, par. [5], cl. [a]) of the Administrative Code, which provides: "In the event that any such member who has a vested right to retirement allowance shall, prior to filing an application for retirement * * * or within thirty days next * * * be dismissed from the service * * * because of theft * * * the retirement system shall be discharged of all further obligations to such member, except that he shall have a right to a return of his accumulated salary deductions." Quite obviously, the circumstances under examination do not operate, under the quoted section, to discharge respondent of its obligation to pay the pension, and we are bound by the clear and specific legislative determination to that effect, no matter how inequitable we conceive the result to be. *Matter of Eberle v. LaGuardia* (285 N. Y. 247) seemingly to the opposite effect is inapplicable since it antedates the Administrative Code section. We are advised that section 23 of chapter 870 of the Laws of 1970, which became law on May 18, 1970, states the "intent" of the section to be that "such vested right to a retirement allowance and to retire shall be divested where the member, before

the effective date of his retirement, is dismissed from the service for any of the designated types of misconduct". Assuming that such a post-operative interpretation has force, it is nonetheless inapplicable because it is not retroactive. Concur — Stevens, P. J., McGivern, Markewich and Steuer, JJ.